**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LILLIBRIDGE HEALTH CARE
SERVICES, INC.,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:08-cv-1028-Orl-28KRS**

**HUNTON BRADY ARCHITECTS, P.A.
and HEERY INTERNATIONAL, INC.,**

        **Defendants.**
_____

# ORDER

In this case, Plaintiff Lillibridge Healthcare Services, Inc., sued Defendants Hunton Brady Architects, P.A., and Heery International, Inc. ("Heery"), for professional negligence and breach of contract. These claims arise out of Defendants' design of Plaintiff's medical office building and ambulatory center. Meinhardt Consulting Engineers ("Meinhardt") designed the ambulatory center, but Plaintiff alleges that Defendant Heery, an engineering firm, is responsible for defective HVAC design. By its Motion in Limine (Doc. 51), Heery now moves to exclude from evidence opinions of Mark Stringer, an engineer for Meinhardt whom Plaintiff did not disclose as an expert witness pursuant to Federal Rule of Civil Procedure 26. The Motion in Limine has merit and must be granted.

Plaintiff timely disclosed James Welter as its expert witness pursuant to Federal Rule 26(a)(2) and the Case Management and Scheduling Order (Doc. 23). Plaintiff also timely provided Defendants with Welter's expert report. Five days before Welter's scheduled

deposition, Plaintiff filed a second expert report from Welter. The second report includes a separate section that was not contained in Welter's initial report. The added information is Stringer's opinion regarding an alternative and less expensive HVAC system that could have been installed in the ambulatory center.

When Welter was questioned at his deposition regarding the information included in his second report, he testified that it came to him from Plaintiff, who had obtained it from Meinhardt. (See Welter Dep. at 111). Welter had not done any calculations regarding a comparison between the system installed and the alternative system described by Stringer. (See id.). Welter explained that he had not had direct contact with Stringer or Meinhardt, had not reviewed Meinhardt's documents, and did not know the scope of Meinhardt's involvement with the construction project. (See id. at 63-64). There is no indication that Welter relied on the data accumulated by Meinhardt in reaching his opinion.

It is not unusual for litigants to argue whether facts included in an expert report should be allowed in evidence. The facts upon which an expert bases his opinion need not be admissible in evidence if they are "[o]f a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703. When the information relied upon is otherwise inadmissible, the trial court "must consider the information's probative value in assisting the jury to weigh the expert's opinion on the one hand, and the risk of prejudice resulting form the jury's potential misuse of the information for substantive purposes on the other." Fed. R. Evid. 703 advisory committee's note (2000). In this case, however, Welter does not rely on the information provided by Meinhardt in reaching his opinion.

Plaintiff contends that the information Heery seeks to exclude should be admitted because it was derived from Stringer's "direct participation in the events and circumstances that form the sum and substance of the dispute here." (Pl.'s Mem. in Opp'n, Doc. 57, at 2). Plaintiff's position on this point is vague. Obviously, Stringer may testify as a fact witness to what he observed while involved with the project, but that does not automatically open the door for him to give opinion testimony as an undisclosed expert witness.

The purpose of Federal Rule of Civil Procedure 26 is to provide notice of a party's intent to rely on opinion evidence. The Rule 26 notice requirement is not applied without some flexibility. In certain circumstances, a fact witness may also offer limited opinion testimony relevant to the witness's involvement in the events leading to the suit without the necessity of filing an expert report pursuant to Rule 26. For instance, "treating physicians are not treated as experts to the extent their testimony is based on observations during the course of treatment." Phillips v. Am. Honda Motor Co., 438 F. Supp. 2d 1328, 1330 (S.D. Ala. 2006). However, this exemption of notice requirements does not apply if the witness's opinions were formed in anticipation of litigation. See id.

Plaintiff may, of course, call Stringer as a fact witness to explain his observations of the project. And, because of the technical nature of Stringer's work, he may be permitted some leeway in expressing his opinion regarding the work he performed or supervised. On the other hand, testimony as to what "'changes could have been made without [i]mpacting the construction progress,'" (Heery's Mot. at 3 (quoting Welter's Second Report)), oversteps this limitation and constitutes expert testimony. Moreover, this testimony must be excluded because it was developed in preparation of litigation. Welter described the addition to his

amended expert report "as part of the plaintiff's strategy." (Welter Dep. at 104). Welter explained:

> [W]e wanted to understand had these issues been acted on in a timely manner and with full understanding of the code requirements and the interpretation that AHCA would ultimately take with regard to these code requirements, was there an alternative that at that point in time that could have been taken that would have been able to then [be] executed at minimal cost and with minimal disruption to the schedule?

(Id. at 104-05). The information included in Welter's report was generated by Stringer as a part of Plaintiff's trial strategy and should not be allowed in evidence through Welter's expert report or through Stringer's testimony.

Accordingly, the Motion in Limine (Doc. 51) is granted. The information in Welter's expert report will not be admitted into evidence. Plaintiff shall not offer testimony regarding the opinions attributed to Stringer and Meinhardt without first seeking and receiving leave of court.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 8th day of February, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party