# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LILLIBRIDGE HEALTH CARE**
**SERVICES, INC.,**

                         **Plaintiff,**

**-vs-**                            **Case No.  6:08-cv-1028-Orl-28KRS**

**HUNTON BRADY ARCHITECTS, P.A.**
**and HEERY INTERNATIONAL, INC.,**

                         **Defendants.**
_____

## ORDER

Plaintiff, Lillibridge Healthcare Services, Inc. ("Lillibridge") brings the instant action against Hunton Brady Architects, P.A. ("Hunton Brady") and Heery International, Inc. ("Heery"), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.  Lillibridge alleges errors by Defendants in the design of a medical office building and brings claims of breach of contract, negligent design, and negligent misrepresentation.

This case is currently before the Court on the motions for summary judgment (Docs. 42 & 44) filed by Hunton Brady and Heery, respectively.  Lillibridge has filed memoranda (Docs. 52 & 53) in opposition to both motions.  Having considered the parties' submissions and applicable law, the Court concludes that both motions must be denied.

### I.  Background

On October 14, 2003, Defendant Hunton Brady entered into an "Agreement for Architectural/Engineering Services" ("the Contract") with Mediplex Medical Building

Corporation ("MMBC").  (Ex. A to Doc. 1).  In the spring of 2005, Plaintiff Lillibridge purchased the assets of MMBC and, with Hunton Brady's consent, MMBC assigned the Contract to Lillibridge.  (See Ex. B to Doc. 1).

Under the Contract, Hunton Brady was to prepare documents and provide other services on a project consisting of "the construction of a four story, steel frame medical office building (MOB) of approximately 93,000 gross square feet" on property owned by Celebration Health in Celebration, Florida.  (Contract at 1).  The building was to house an ambulatory surgical center ("ASC"), a cancer center, and physician offices.

The design drawings for the MOB were completed by an independent architect, Robert M. Stern, and under the Contract Hunton Brady was to, based on Stern's drawings as well as on master specifications provided by Lillibridge, "complete design development and construction documents for the MOB shell, exclusive of tenant finish-out."  (Id. art. 1.1; see also Joint Pretrial Statement at 14; Phillip Taylor Dep. at 15-16).  Hunton Brady's services under the Contract were to "include, but [not be] limited to, structural, architectural, electrical, mechanical and plumbing plans and details suitable to obtain competitive bids from pre-selected general contractors" and "suitable for obtaining . . . all necessary regulatory approvals for construction of the Project." (Contract at 1).

On November 7, 2003, Hunton Brady entered into a Consultant Agreement ("the Subcontract") with HLM Design ("HLM"), subcontracting the engineering work under the Contract to HLM.  (Ex. B to Doc. 42; see also Joint Final Pretrial Statement at 14).  It is undisputed that Lillibridge (then MMBC) directed Hunton Brady to retain HLM and that the Subcontract incorporates by reference the terms of the Contract.  (See Joint Pretrial

Statement at 14; see also Subcontract art. 2.1). Defendant Heery, as HLM's successor in interest, later assumed HLM's obligations under the Subcontract.

During and after construction of the MOB, three design problems came to light that gave rise to this lawsuit. First, in the MOB shell design, a single-unit HVAC system was to serve the entire fourth floor of the MOB, which included both the ASC and some physician offices.[1] After the MOB shell was completed and tenant build-out had begun, the Florida Agency for Healthcare Administration ("AHCA") rejected engineering documents for the ASC on the basis that applicable code requires that an ASC have a dedicated air handling system separate from the HVAC system for other spaces. The tenant build-out for the ASC could not be approved until this HVAC issue was resolved. Lillibridge seeks damages of approximately $250,000 to compensate it for costs it allegedly incurred in resolving this HVAC issue.

Second, Lillibridge alleges that Hunton Brady and Heery erred in specifying and planning the circuit breakers for the MOB because they did not specify ground fault protection for all circuit breakers in the building. During tenant build-out, the AHCA rejected the electrical plan on the basis that ground fault protection is required on all circuits in a building housing an ASC–not just in the ASC itself. Third, Lillibridge alleges error in design of the lighting system because improper stem lengths were specified for fixtures in the porte cochere area of the MOB; the fixtures hung too low, were damaged by a truck when the building opened, and had to be replaced.

---

[1]Initially, the plan was for the ASC to occupy the entire fourth floor. However, the ASC was later downsized and physician offices were added to the fourth floor.

In its Complaint (Doc. 1), Lillibridge asserts five counts: breach of contract against Hunton Brady (Count I); negligent design against Hunton Brady (Count II); breach of contract against Heery (Count III); negligent design against Heery (Count IV); and negligent misrepresentation against Heery (Count V).[2] Additionally, Hunton Brady has brought crossclaims against Heery for indemnification and contribution. (See Doc. 15). Hunton Brady and Heery have moved for summary judgment on each of the counts of Lillibridge's Complaint.[3]

## II. Discussion

### A. Summary Judgment Standards

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the burden of establishing that no genuine issues of material fact remain. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, summary judgment should be granted "against a party who fails to make a showing sufficient to

---

[2]Two counts are labeled "Count IV" in the Complaint. (See Doc. 1 at 11-12). The Court assumes that this duplicative numbering is attributable to clerical error and has renumbered the negligent misrepresentation count as "Count V" herein.

[3]Hunton Brady's crossclaims are not at issue in the summary judgment motions now before the Court, which pertain only to Lillibridge's claims.

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997). "'In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial.' Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the [factfinder] or whether it is so one-sided that one party must prevail as a matter of law.'" Sawyer v. Southwest Airlines Co., 243 F. Supp. 2d 1257, 1261 (D. Kan. 2003) (quoting Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988), and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)); see also LaRoche v. Denny's, Inc., 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

### B.  The Merits of Defendants' Motions

### 1.  Hunton Brady's Motion (Doc. 42)

Hunton Brady urges in its motion that it is entitled to judgment as a matter of law because it did not breach the standard of care for architects.  Hunton Brady asserts that Lillibridge's expert, an engineer, is not qualified to testify as to the architectural standard of care and that there is no other evidence regarding the standard of care.  Hunton Brady's argument misses the mark.

Lillibridge does not dispute Hunton Brady's assertion that its expert, James Welter, is not qualified to provide expert testimony regarding an architectural standard of care. (See Doc. 52 at 7). However, Lillibridge's claims against Hunton Brady are based on Hunton Brady's alleged failure to ensure that the MOB shell met code requirements and its failure to provide—through its subcontractor, Heery, or otherwise—engineering services that met code requirements. Lillibridge's assertion that "[t]his case does not involve complicated questions of architectural theory or intricate technical issues related to the performance of professional duties" is, in light of the evidence before the Court at this time, well-taken. (Id. at 8). The AHCA rejected plans because of HVAC and electrical systems that it determined did not comply with code; the Contract required Hunton Brady to ensure compliance with codes. (See Contract art. 1.1.3). Hunton Brady has not established that expert testimony as to the "architectural standard of care" is necessary in this case, and Hunton Brady has not presented a basis for the entry of summary judgment in its favor.

### 2. Heery's Motion (Doc. 44)

In its motion, Heery seeks summary judgment on a count by count basis.

### a. Count III—Breach of Contract

Lillibridge asserts a breach of contract claim against Heery in Count III of the Complaint, asserting that it was an intended third-party beneficiary of the Subcontract between Hunton Brady and Heery. Heery, however, argues in its motion that Lillibridge was not an intended third-party beneficiary because the original party to the Contract was MMBC—not Lillibridge—and Heery did not, as Hunton Brady did, expressly consent to the assignment of the Contract from MMBC to Lillibridge when Lillibridge purchased MMBC's

assets.

Heery has not established entitlement to judgment in its favor on this claim. The Contract is attached to and expressly made a part of the Subcontract, and in the Contract MMBC and Hunton Brady expressly bound their successors and assigns to the Contract. (See Subcontract art 2.1; Contract art 7.2). As noted by Lillibridge, Heery has cited no case law regarding whether successors to intended third-party beneficiaries also enjoy intended third-party-beneficiary status. Moreover, the asset purchase occurred in the spring of 2005— while the Contract and Subcontract were underway and while Heery was performing services under the Subcontract. At a minimum, there is an issue of fact as to whether Heery intended to benefit Lillibridge through its course of conduct after Lillibridge stepped into the shoes of MMBC via an asset purchase.

b. Count IV—Negligent Design

In Count IV, Lillibridge alleges that Heery was negligent with regard to its work on the HVAC system, the electrical system, and the lighting system. Heery seeks summary judgment on this count on the basis that Lillibridge's expert, James Welter, is not qualified to speak to the standard of care for engineers. This argument is not well-taken.

First, Heery has not established that Welter is not qualified to speak to the standard of care. Heery challenges Welter's credentials and experience, but the Court cannot conclude that Welter, a licensed professional engineer, cannot present testimony as to the standard of care, if such testimony is necessary. Second, Lillibridge aptly notes that "the issues of professional negligence in this case are not of such a technical or specialized nature that expert witness testimony is necessarily required to assist the trier of fact." (Pl.'s

Mem. in Opp'n to Heery's Mot. Summ. J., Doc. 53, at 6-7). There is record evidence that the AHCA rejected the MOB HVAC and electrical systems because those systems did not comply with the relevant codes for buildings that house ASCs. The ultimate issues in this case are who was at fault and who can be held legally responsible for the fact that the systems did not comply with the code and had to be modified or replaced at Lillibridge's expense. These issues do not appear to require—and perhaps do not even permit—presentation of expert testimony. Heery has not established a basis for the entry of judgment in its favor on Count IV.

### c. Count V—Negligent Misrepresentation

In Count V, Lillibridge alleges that Heery made a negligent misrepresentation during a plan review meeting when Heery advised Lillibridge that a single HVAC unit could service the whole fourth floor of the MOB and that a plan with such a single unit would be approved. Heery seeks summary judgment on this count on the basis that even if such a statement was made—which Heery denies—that statement "would be an opinion" and not "an independent statement made to induce Lillibridge to act in a particular fashion." (Doc. 44 at 7). Heery also argues that this count fails because Lillibridge did not allege in the Complaint that Heery intended for Lillibridge to rely on this statement.

Heery's arguments for summary judgment on this count are rejected. To the extent that Heery's motion is based on a pleading deficiency, such an argument should have been made at an earlier stage of the case. The case is well beyond the pleading stage at this case, and if Heery had raised the issue in a motion to dismiss Lillibridge could have remedied any deficiency with an amended complaint. Summary judgment is not the

appropriate time to raise pleading issues. Additionally, Heery's argument based on a purported distinction between an "opinion" versus an "independent statement" is less than clear and does not support entry of judgment for Heery on this claim; Heery may be asserting that this claim is duplicative of the breach of contract claim, but Heery has also taken the position that there is no contract between it and Lillibridge.

## III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Motion for Summary Final Judgment filed by Defendant Hunton Brady Architects, P.A. (Doc. 42) is **DENIED**.

2.  The Motion for Final Summary Judgment filed by Defendant Heery International, Inc. (Doc. 44) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 7th day of April, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record